in Chicago Title and Trust against Chupack. Ms. Rivack. Good morning. My name is Barbara Rivack. I am the counsel for the plaintiff's appellant. This appeal is here pursuant to 28 U.S.C. 1291. Pardon me. On November 28th of 21, Judge Matthew Connelly dismissed the litigation, stating that he lacked subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine and supplying as an alternate basis dismissal based on race judicata. The district court suit was filed on February 22nd of 2022. And I want to apologize. There are a couple of times in the reply brief where I inadvertently say February 2nd instead of February 22nd. It really doesn't so much matter, but it is an error. The February 22nd, 2022 date is a significant date for purposes of Rooker-Feldman analysis, as we will see because the actual date of filing of the district court case impacts on whether Rooker-Feldman bars the suit. This case was, pardon me, this case has 16 counts. It's a long complaint with multiple exhibits and thus you will not find it in the appendix nor in the short record. However, it is the first document in the actual record itself. There are 16 defendants who were sued. A number of these defendants were financial institutions and their attorneys, either in individual capacities or in their firm capacity. In addition, as the court noted in calling the case, there is yet another defendant and that defendant is the Honorable Joel Chupack, an associate judge of the Circuit Court of Cook County assigned during these events to the foreclosure division. So those are the 16 defendants, certain financial institutions, certain lawyers and their firms, and of course, Judge Chupack. I said that the case was fled in 16 counts and this becomes important for purposes of the arguments that are made. The first three counts allege that there was a conspiracy to defraud the plaintiffs of two Cook County residential properties and that this conspiracy and the acts taken in concert and in furtherance of the conspiracy defied plaintiffs of their right to due process. And it is significant what the plaintiffs contend. Were those acts taken in concert to deprive them of these properties? Those acts were unusual, but I submit, unusual and I'll leave it at unusual. It's for the court to judge. What plaintiffs contend is not the usual garden variety, corruption in the state court process as Hazeed has now held in March of this year is no longer sufficient to get beyond the bar of the Rooker-Feldman Doctrine. The acts here are not that garden variety. Ms. Hribak, your time is short. When this case was presented to the district court, did anybody call HSBC Bank against Townsend to the district judge's attention? Yes. Pardon me, you said, did I? Did anybody call HSBC Bank against Townsend to the district judge's attention? That I do not recall. The district judge didn't mention it and your opening brief didn't mention it. Your reply brief finally mentions it and I would think it should be the central case. It is very much the same. But if you don't bring it to the district judge's attention and if you don't mention it in your opening brief, the argument has been forfeited. Well, Your Honor, I think that what happened at the district court is Judge Cannelli granted these various motions to dismiss. The argument had been raised that Rooker-Feldman did not apply. The Rooker-Feldman did not apply because the Illinois Mortgage Foreclosure Act requires there to have been a final judgment and that ensues, pardon me, involves a confirmation of the sale. The definition of a final judgment will not be found in Illinois law. The definition of finality for purposes of the Rooker-Feldman Doctrine depends on federal law because it's a federal doctrine. So pointing somebody to state law is just misdirecting the district judge. Judge, with all due deference, if you read the Hazid case carefully as I have, it makes the absolute point that for purposes of Rooker-Feldman, you look to state law to make a determination of what is finality. Candidly, I was stunned when I saw that there because so much of the focus on Hazid has been on the court's backing away from corruption of the state court process as a basis for invoking federal court jurisdiction. I wanna say, I don't have the case in front of me and we may have different versions of it, Lexis versus the other, but it is in Headnote 6 where the court makes the absolute point. You look to state law for purposes of finality and state law makes absolutely clear, as the Illinois Supreme Court has, that in order, you can't get up and appeal to the Illinois Appellate Courts if you do not have a confirmation of sale and 30 days obviously has to last before you forfeit those rights. So under Illinois law, the fact that there is a judgment of foreclosure is irrelevant. Try, try to appeal a judgment of foreclosure where there has been no order confirming the sale. It will be rendered totally negatory. I'm sorry, go ahead and finish your thought. I did. Okay, where do things stand today vis-a-vis these two properties? I'm sorry, sorry, I did not hear that. Yeah, where do things stand today vis-a-vis these two properties? As to each property? Yeah. Okay, as to the grand property, some 25 days after the federal suit was filed on February 22nd, 22, that, at that point, pardon me, the state court confirmed the sale. That sale then vested in the bank, the property. So that property is in the bank, that is to say in a financial institution. Okay, and how about the 951? I will tell you that, but I just want to add a footnote. No appeal is taken. We've never, ever, ever, ever represented that there was an appeal taken relative to grand. As to 951, that case is still in process. It is no longer handled by Judge Chupac. I believe that the chief judge of, Judge Jacobius of the Chance, pardon me, of the Chancery Division reassigned calendar 57 to a different judge. The matter remains pending. It's in a post sale posture. There is presently pending before the judge that has now been assigned to the case a Rule 1203 petition. So there has been no resolution, and obviously, there being no resolution, similarly, there could be no expiration of the 30-day appeal time. Thus, all orders in that case remain interlocutory. I want to quickly, may I ask clarification when it says the numbers in red, is that of your entire time or your opening time? You have two minutes left in your argument. Of my entire argument? Yes. I'd like to reserve those for rebuttal. Certainly, counsel. Mr. Minetti. May it please the court. My name is Lou Minetti. I represent Defendants Appalese U.S. Bank Trust, City Mortgage, and I'm arguing on behalf of all the Appalese except for Judge Chupac on the issues about Roker Feldman     and I'm here to argue on behalf of the court Ms. Hanson is going to be arguing about the judge-specific issues for two minutes. Your Honors, the plaintiffs in this case were defendants in the state court actions. They filed their federal lawsuit after the judgments for foreclosure were entered against them, and they're complaining, crucially, about state court actions that were taken to allegedly deprive them of their property in the foreclosure. This is exactly what Roker Feldman forbids. Well, what do you think about HSBC Bank against Townsend? I believe, Your Honor, that it describes whether or not a judgment for foreclosure brought in the federal system is Appealable. It says it's not final until the property has been sold and the sale confirmed. Now, if that's the doctrine that applies, then presumably we are in the world of issue preclusion and not the world of jurisdiction. On the other hand, Bauer against Kester seems to go the other way with scarcely a sidelong glance at HSBC Bank. So, you know, it may be hard in principle to choose between jurisdiction and preclusion. I assume your clients are happy either way. Correct. But what should we think about HSBC Bank? The fact that Townsend says that you may not appeal an interlocutory judgment for foreclosure in the federal system, Your Honor, I don't think that answers the Roker Feldman subject matter jurisdiction question. As Your Honor pointed out in Bauer versus Kester, this court held that Roker Feldman applied to a judgment of foreclosure and sale. It described it as effectively final. What Ms. Rivack said about that, I recall, is that there was never going to be a foreclosure and sale in Bauer because that much had been settled. So it was in fact final as HSBC Bank against Townsend understood finality. There was an intervening satisfaction of judgment  However, that doesn't change the analysis in Kaspersky versus Axum. This court also held that the federal lawsuit was barred by Roker Feldman when the federal lawsuit was filed just after the judgment for foreclosure. This is supported by the Illinois Supreme Court in its characterization in EMC versus Kemp. A judgment for foreclosure is final as to the matter it adjudicates. But even, Your Honors, even if judgments for foreclosure and sale in Illinois cannot be characterized as final, Roker Feldman applies to interlocutory orders under this court's precedent. For example, in Bauer, this court went on to explain that even if a complaint of order were not final for Roker Feldman purposes, as this court stated even earlier in the Herald versus Steele case, nothing in the Supreme Court's decision suggests that state court decisions too provisional for review in the state's own system can be reviewed by federal district and appellate courts. Additionally, in Sykes, this court stated, we have held that interlocutory orders entered prior to the final disposition of a state court lawsuit are not immune from the jurisdiction stripping powers of Roker Feldman. As concluded by the Herald versus Steele case, a truly interlocutory decision should not be subject to review in any court. This comports with the premise, the rationale behind Roker Feldman that only the United States Supreme Court can review state court orders. Both of the judgments for foreclosure in this case were entered before this federal lawsuit was filed. And I need to correct counsel. She stated that while the Grand case has concluded, the 951 property case is still pending. That's not accurate, your honors. The order confirming sale in Grand was entered on March 16th of 2022. The order confirming sale in the 951 property case was entered on August 11th of 2023. There have been now two post-judgment motions. One was denied on September 19th, and another one has been filed, and I believe it's due to be heard early next month. But there is an order confirming sale. Additionally, your honors, these federal claims allege injuries from the state court judgments. The recent Hodzie-Tonovic case directly applies here, where you had a federal lawsuit alleging a conspiracy to deprive the federal plaintiff of familial associations, corruption in the divorce proceedings, and ex-parte communications, as is alleged here. This court stated that the only way to determine, to assess the claims of the federal plaintiff would be to assess the state court's handling of the case from top to bottom, procedurally and substantively, to determine if there were no errors or benign errors or evidence of corruption. But Rooker-Feldman bars this type of review. And additionally, in Bauer, the claims were much the same as far as conspiracy to introduce forged evidence, and this court held that Rooker-Feldman barred those claims. It's the same here. The conspiracy counts allege that a conspiracy was undertaken to deprive the plaintiffs of their property in order to foreclose. They state that in their complaint, and on appeal, they echo this. They state that the improper communications resulted in the substantive relief in the foreclosure cases, and that the alleged conspiracy was to deprive the plaintiffs of their properties. In fact, they characterized their damages as resulting from the conspiracy to defraud the plaintiffs of their rights. But as this court pointed out in the Hadzi case, Rooker-Feldman looks not towards rights but to injuries. In this case, all the injuries are uniformly characterized as stemming from the foreclosure procedure and the orders. Regarding the slander of title and quiet title counts in the federal complaint, the plaintiffs similarly state that the defendants had no interest in the property and no legal right to foreclose. Indeed, these are direct attacks on the state court judgments, which found otherwise. Finally, Your Honors, the plaintiffs had an opportunity to raise these claims in state court. They actually raised standing in the Grand case. They could have brought motions to reconsider in either case during the period of time between judgment and the order-confirming sale. And they could have appealed either case. And as this court pointed out in the Hadzi case, there is no corruption exception to the Rooker-Feldman doctrine. Regarding claim preclusion, Your Honors, again, only one sentence is devoted to claim preclusion. It's been waived. But even so, the elements of claim preclusion are met here. There were final judgments in both cases now. And although plaintiff, they argue for the first time in reply that the judgments were not final because of standing, this is, again, waived. It was raised for the first time in reply. And it's wrong. The Illinois Supreme Court in LeBron versus Gottlieb said that standing does not implicate the court's subject matter jurisdiction. Voidness only results from subject matter or personal jurisdiction. There is an identity of parties and plaintiffs. Thank you, counsel. Thank you, Your Honors. Ms. Hanson. May it please the court, Assistant Attorney General Christina Hanson for State Defendant Appellee, the Honorable Joel Shupak. Judge Shupak joins in co-appellate arguments that the district court correctly dismissed plaintiff's claims for lack of subject matter jurisdiction because they are barred by the Rooker-Feldman doctrine.  over plaintiff's claims, it should The dismissal with prejudice of the claims against the judge was proper. As the district court concluded, absolute judicial immunity unquestionably applies to plaintiff's claims. First, Judge Shupak did not act outside of his jurisdiction. As the presiding judge over the two foreclosure cases, there's no dispute that he had subject matter jurisdiction over the cases. And second, all of his alleged conduct was taken in his judicial capacity. The allegations in the complaint pertaining to the judge were that he engaged in ex-party communications and violated COVID-related general administrative orders. But those allegations relate to the motions, the hearing of motions and rendering decisions on those motions before the judge, as well as the related acts of scheduling those motions and giving notice of those motions. And those are part and parcel of the judge's judicial acts of deciding cases. Counsel, should we care that the district court did not provide the plaintiffs an opportunity to respond to the motion dismiss? This court has held that it's error that the district court did not allow plaintiffs a chance to respond. However, it's harmless error because under this court's decision in the Kowalski case, it's harmless error because plaintiff was able to put forth their arguments in the district court. There was a subsequent motion, a motion to vacate and with their motion, they submitted their scheduled filing, which was the response of pleading to the motion to judge Shupak's motion to dismiss. And so all the plaintiff's arguments were before the court when the district court ruled on the motion to vacate, but also plaintiff's arguments are in the record. And since this court conducts such a noble review, there's a full record on which this court can make its determination. And so any error would be harmless. So for those reasons, we ask that you... Thank you very much, counsel. Ms. Riebeck, anything further? Yes, thank you. In my brief time, I'll just say the following. DICTA cannot extirpate Exxon. Exxon makes the standard that Illinois has engrafted this effectively final and courts have willy-nilly repeated it without looking at the underlying cases is not correct and it's not right. And the Supreme Court would never condone that. The second point I wanna make is just as the court has said, HSBC Townsend in the colloquial gets it. It understands what is required under Illinois law, which is the governing law for a foreclosure judgment to become final. Just because- HSBC Bank is about federal principles of finality. It is. And if you are relying entirely on state principles of finality, then HSBC Bank is irrelevant. Except that HSBC Bank reiterates what finality is under Illinois law. No, it does not turn on Illinois law. It is about finality for the purpose of 28 U.S.C. 1291. Really, that's what it's about. Okay, very well, Your Honor. I still respectfully submit that under Illinois law, you cannot appeal a foreclosure judgment which has not been the subject of an order confirming a sale. And then, and then only, do you have jurisdiction in the Illinois Appellate Court. Two other points before my time expires, and that is, I come back to, I do believe that HSBC versus Townsend is expoitulary in terms of recognizing the law and the court is correct. And I do not think we sandbagged in any way the district court by not making the argument that you have to have a confirmation of sale. Rooker-Feldman did not bar this case. And in any event, I do believe we made that point. The last point I wanna make is counsel. Thank you, counsel. Thank you. The case is taken under advisement and the court will be in recess.